UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
NIZAR AHCHOUCH and ANDREA LUCAS,

                            Plaintiffs,

    - against -

LAKEVIEW LOAN SERVICING, LLC and
DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT,

                            Defendants.
---------------------------------------------------------------x

**ORDER**

No. 25-CV-93 (CS)

Seibel, J.

    On January 7, 2025, at 11:18 a.m., Plaintiffs submitted an application for a temporary restraining order enjoining the sale of their residence, which was scheduled for January 7, 2025 at 2:30 p.m. as a result of a Judgment of Foreclosure and Sale entered in the New York Supreme Court, County of Dutchess on October 29, 2024. (*See generally* ECF No. 5.) On January 7, 2025, this Court denied the application in a text-only order, stating that the reasons for the denial would be "memorialized in due course." (ECF No. 6.) This Order sets forth those reasons.

    The Complaint in this case asserts a claim for negligence seeking monetary damages, and also requests both declaratory relief "in the form of a judgment requiring the Defendants to allow the Plaintiffs to assume the subject Mortgage Loan," (ECF No. 1 ¶ 45), and injunctive relief "staying the Defendants from proceeding with a foreclosure sale of the Property," (*id.* ¶ 59).[1] It is not clear how injunctive relief would be appropriate as a remedy should Plaintiffs succeed on

---

[1] Although the Complaint frames the latter two requests as causes of action, (*see* ECF No. 1 at ¶¶ 37-45, 54-59), "declaratory judgments and injunctions are remedies, not causes of action," *Miller v. Wells Fargo Bank, N.A.*, 994 F. Supp. 2d 542, 558 (S.D.N.Y. 2014).

their negligence claim, but in any event, to the extent that they could theoretically be entitled to an injunction, any such injunction would be improper under the *Rooker-Feldman* doctrine.

> Pursuant to the *Rooker-Feldman* doctrine, federal district courts may not exercise subject matter jurisdiction over actions that seek appellate review of state court judgments. The doctrine reflects the principle set forth in 28 U.S.C. § 1257 that the Supreme Court is the only federal court that has jurisdiction to review state court judgments unless otherwise provided by Congress. This comity principle seeks to prevent state and federal courts [from] fighting each other for control of a particular case.
>
> The Second Circuit has established four requirements for applying the *Rooker-Feldman* doctrine: (1) the federal court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by the state court judgment; (3) the plaintiff must invite the district court to review and reject that judgment; and (4) the state court must have rendered judgment before federal district court proceedings commenced. Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine.
>
> Based on the foregoing, the *Rooker-Feldman* doctrine clearly applies to the within action: [Plaintiff] lost in the state court, is complaining of an injury – losing his home – which is directly related to the state court judgment, is seeking relief from that judgment by bringing this federal suit, and brought the instant action more than one year after the [New York] Supreme Court rendered a judgment of foreclosure. Such an action is squarely foreclosed by the *Rooker-Feldman* doctrine.

*Done v. Wells Fargo Bank, N.A.*, No. 08-CV-3040, 2009 WL 2959619, at *3 (E.D.N.Y. Sept. 14, 2009); *see Whitfield v. McCabe, Weisberg & Conway, P.C.*, No. 18-CV-7259, 2019 WL 332179, at *3 (E.D.N.Y. Jan. 25, 2019) (*Rooker-Feldman* doctrine applied where plaintiff (1) challenged state foreclosure judgment and holdover/eviction judgment; (2) the alleged injuries stemmed from judgments; (3) plaintiff sought review and rejection of the judgments; and (4) plaintiff filed federal complaint after the state court issued judgments) (collecting cases).[2]

---

[2] Unless otherwise indicated, case quotations omit all internal quotation marks, citations, alterations, and footnotes.

Plaintiffs here lost in the state court foreclosure action; are complaining of an injury – the loss of their residence – that is a direct result of the state court judgment of foreclosure and sale; are, in seeking the instant temporary restraining order, inviting this Court to review and reject that judgment; and the judgment of foreclosure and sale was entered on October 29, 2024, (*see* ECF No. 5-1), before the instant lawsuit was filed on January 3, 2025, (*see* ECF No. 1). Accordingly, this Court lacks jurisdiction to grant the relief that Plaintiffs seek. *See Worthy-Pugh v. Deutsche Bank Nat'l Trust Co.*, 664 F. App'x 20, 21 (2d Cir. 2016) (summary order) ("Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction over claims that effectively seek review of state court judgments."); *Brooks v. Aiden 0821 Cap. LLC*, No. 19-CV-6823, 2020 WL 4614323, at *3 (E.D.N.Y. July 22, 2020) ("[C]ourts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine."); *Ratcliffe v. Liberty Home Equity*, No. 19-CV-1842, 2019 WL 6135446, at *2 (D. Conn. Nov. 19, 2019) ("[T]o the extent the Plaintiffs ask this Court to invalidate or to enjoin enforcement of a state court order, the *Rooker-Feldman* doctrine precludes federal courts from reviewing adverse state court judgments, such as the one entered in the underlying state housing court matter.").[3]

Even if this Court had jurisdiction, Plaintiffs have not shown that a temporary restraining order is warranted. "Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies, which are never awarded as of right, or as a routine matter." *Rush v. Hillside Buffalo, LLC*, 314 F. Supp. 3d 477, 483-84 (W.D.N.Y. 2018). Courts in the Second

---

[3] Plaintiffs do not bring a claim for, or even suggest, fraud preceding or during the state court foreclosure proceedings. *See, e.g.*, *D'Aguilar v. US Bank Trust NA, LSF9 Master Participation Trust*, No. 24-CV-4498, 2024 WL 3850349, at *3 n.4 (S.D.N.Y. Aug. 6, 2024). They simply regard the state court decision as wrongly decided.

Circuit apply the same standard for both temporary restraining orders and preliminary injunctions. *See Mezu-Ndubuisi v. Univ. of Rochester et al.*, No. 24-CV-6387, 2025 WL 36070, at *7 (W.D.N.Y. Jan. 6, 2025). "A plaintiff seeking a temporary restraining order or preliminary injunction must demonstrate that: (1) there is a likelihood of success on the merits; (2) she will suffer irreparable injury if relief is not granted; (3) balancing of the equities tips in favor of the moving party; and (4) entry of relief would serve the public interest." *Id.* (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "'A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.'" *Superb Motors Inc. v. Deo*, No. 23-CV-6188, 2023 WL 5952145, at *3 (E.D.N.Y. Aug. 25, 2023) (quoting *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)).

Plaintiffs failed to meet the standard for a temporary restraining order because they have not shown irreparable harm. The motion contends that Plaintiffs will suffer immediate and irreparable harm absent emergency relief because they will lose their primary residence at a foreclosure sale, "effectively rendering the Plaintiffs homeless." (ECF No. 5 ¶ 6; *see* ECF No. 5-4 at 7.)[4] While "courts in this circuit have held that eviction can be an irreparable injury," those holdings hinge on "the party facing eviction also fac[ing] the real threat of homelessness." *Greer v. Mehiel*, No. 15-CV-6119, 2016 WL 828128, at *9 (S.D.N.Y. Feb. 24, 2016) (collecting cases). Plaintiffs have made no such showing here. They do not explain how they face an actual and imminent threat of homelessness upon the foreclosure sale. *See Cano v. 245 C&C, LLC*, No. 19-CV-21826, 2019 WL 11769097, at *8 (S.D. Fla. June 25, 2019) (no irreparable harm for eviction

---

[4] Citations to ECF No. 5-4 use the pagination generated by the Court's Electronic Case Filing ("ECF") system.

4

where plaintiff "provided no evidence that it is *irreparable* – e.g., that he is unable to find alternate housing and/or that his injury cannot be compensated by monetary damages").

Moreover, the New York state court entered the Judgment of Foreclosure and Sale on October 29, 2024 and directed that the sale of the residence occur "within 90 days of the date of this Judgment." (*See Lakeview Loan Servicing, LLC v. Lucas, Christopher M. et al.*, Index No. 2022-52553 (N.Y. Sup. Ct., Dutchess County 2022), NYSCEF Doc. No. 120 at 1-2.)[5] Thus, Plaintiffs have had notice that this foreclosure sale was reasonably imminent since October 29, 2024, or at the very latest since December 9, 2024, when the referee filed the Notice of Sale on the state court docket and served it upon Plaintiffs. (*See* ECF No. 5-1.) Plaintiffs' "failure to act sooner undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggest that there is, in fact, no irreparable injury." *Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995). That Plaintiffs chose to submit this application barely more than three hours before the scheduled foreclosure sale – and create a "last-minute crisis" entirely of their own making – does not entitle them "to the drastic emergency relief that they seek." *Chan v. Chinese-Am. Plan. Council Home Attendant Program, Inc.*, No. 15-CV-9605, 2016 WL 3004516, at *1 (S.D.N.Y. Jan. 21, 2016) (denying temporary restraining order for lack of irreparable injury); *see Watts v. Fed. Home Loan Mortg. Corp.*, No. 12-CV-692, 2012 WL 1901304, at *4 (D. Minn. May 25, 2012) ("[I]nexplicably, Watts waited over two months until the eve of his eviction from the property to bring his request for injunctive relief. On these facts, Watts' delay in seeking to enjoin the eviction undermines any contention that he will be irreparably harmed absent an injunction.").

---

[5] The Court "may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Ratcliffe*, 2019 WL 6135446, at *1.

Because Plaintiffs have not shown irreparable harm, injunctive relief would be improper even if the Court had jurisdiction. *See Superb Motors*, 2023 WL 5952145, at *4 ("Because a showing of irreparable harm is the single most important prerequisite for the issuance of injunctive relief, the Court need not address the remaining elements necessary to obtain such relief."); *Cano*, 2019 WL 11769097, at *9 ("Even if Plaintiffs establish a likelihood of success on the merits, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper.").

Accordingly, Plaintiffs' application for a temporary restraining order is DENIED.

**SO ORDERED.**

Dated: January 10, 2025
      White Plains, New York

                                                                CATHY SEIBEL, U.S.D.J.